```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 18-659(DSD/BRT)
```

Dina Klein,

        Plaintiff,

v.                                                  **ORDER**

Credico, Inc.,

        Defendant.

    Darren B. Schwiebert, Esq. and DBS Law LLC, 301 Fourth Avenue South, Suite 280N, Minneapolis, MN 55415, counsel for plaintiff.

    Jessica L. Klander, Esq. and Bassford Remele, 100 South 5th Street, Suite 1500, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant Credico Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This debt-collection dispute arises out of Credico's attempt to collect, on behalf of High Pointe Surgery Center, a $3,902.46 debt from plaintiff Dina Klein, a Minnesota resident. Compl. ¶¶ 4, 6; Klander Decl. Ex. A. On March 14, 2017, Credico, which also does business under the registered name of Credit Collections Bureau, sent a collection letter to Klein informing her that a lawsuit would be brought against her unless she contacted its

collector, Shane Gold, to pay the debt in full or pursue one of other several options listed. Compl. ¶ 6; see Klander Decl. Ex. A.

On March 9, 2018, Klein filed suit against Credico alleging that the letter violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Klein contends that the letter was false, deceptive, and misleading because it: (1) listed a return address in Portland, Oregon, although Credico is based in South Dakota; (2) falsely identified Credico as "Professional Debt Collectors," an entity that does not exist; (3) invited her to pay her debt or correspond with "CCB" at www.payccb.com even though the letter did not state the identity of "CCB" and the name "CCB" is not a registered name of Credico; (4) was signed by an individual debt collector, Kathy Mitchell, who was not licensed in Minnesota, and (5) stated that Credico could seek pre-judgment interest against her, which Klein asserts Credico had no legal basis to recover. Compl. ¶¶ 12-14, 16-20. Credico now moves to dismiss.

**DISCUSSION**

I.   **Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim

has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). Fed. R. Civ. P. 12(d). The court may, however, consider matters of public record and materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the court properly considers Credico's letter.

## II. Identity of the Debt Collector

Credico argues that Klein's claims that the letter created confusion regarding the identity of the debt collection agency fail as a matter of law. The court agrees.

The FDCPA prohibits a debt collector from employing "any false, deceptive, or misleading representation in connection with the collection of the debt" or using the name of a "business,

3

company, or organization ... other than the true name of the debt collector's business ...." 15 U.S.C. §§ 1692e, 1692e(14). In determining whether a debt collection letter is false, deceptive, or misleading, the court must view it "through the eyes of an unsophisticated consumer." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1055 (8th Cir. 2002). Although the test is meant to protect consumers of "below average sophistication or intelligence," the court must also apply an "objective element of reasonableness." Id. (citations and internal quotations marks omitted). In other words, a plaintiff cannot prevail on "bizarre or idiosyncratic interpretations of collection notices." Id. (citations and internal quotation marks omitted). Viewed through the eyes of an unsophisticated consumer, the letter is not false, deceptive, or misleading.

### A. Address

First, although the letter lists a Portland, Oregon return address, it also lists a Sioux Falls, South Dakota address in the upper-right corner under the name of the sender. See Klander Decl. Ex. A. An unsophisticated consumer would understand that the address below the sender's name is the sender's address. Additionally, there is no allegation that the Portland address is invalid, and a valid address cannot reasonably be characterized as being false, misleading or deceptive. Accordingly, the use of a Portland, Oregon post office box as the return address does not

4

violate the FDCPA.

   B.   **"Professional Debt Collectors"**

Next, Klein argues that the use of the name "Professional Debt Collectors" in the heading of the letter violates the FDCPA because it is not a registered name of Credico. Credico argues that "Professional Debt Collectors" is not a name, it is simply a description of the company Credit Collections Bureau. The court agrees with Credico. The name "Credit-Collections-Bureau" is printed on the upper-right corner of the letter. Klander Decl. Ex. A. Below the name of the company, the phrase "Professional Debt Collectors" is printed. Id. An unsophisticated consumer would understand that "Professional Debt Collectors" is a description of the company listed above - not a separate company. Klein's reading of the letter is strained and the type of "idiosyncratic" interpretation that the Eighth Circuit has held is not actionable.

   C.   **"CCB"**

Finally, Klein argues that the use of the term "CCB" violated the FDCPA because it is not a registered name of Credico and confused her as to the true identity of the debt collection agency. The court disagrees.

"CCB" was used in the sentence "Pay on-line or correspond with CCB at www.payccb.com" at the very bottom of the letter. Id. Although "CCB" was not previously used in the letter or explicitly linked to the name of the debt collection agency, an

5

unsophisticated consumer would not believe that "CCB" referred to a different company. The court agrees with Credico that "CCB" is a commonsense abbreviation of "Credit-Collection-Bureau" and is therefore not false, misleading, or deceptive.

In addition, the cases that Klein cites in support of her position are factually distinguishable. Those cases involved the use of a false name by a defendant that gave the impression that it was a debt collectors when it was not, <u>Lester E. Cox Med. Ctr., Springfield, Mo. v. Huntsman</u>, 408 F.3d 989, 992-93 (8th Cir. 2005), or a government agency when it was not, <u>Peter v. GC Servs. L.P.</u>, 310 F.3d 344, 352-53 (5th Cir. 2002). That is not the case here. In the letter, Credico provided a correct registered name, a correct contact number, and accurately identified itself as a debt collector. This is not the type of false, deceptive, or misleading information that the FDCPA was intended to protect against.

**D. Materiality**

Even if the allegations addressed above technically violated § 1962e, the court must also determine whether the violation was material. <u>See</u> <u>Hill v. Accounts Receivable Servs., LLC</u>, 888 F.3d 343, 345-46 (adopting a materiality standard for violations of § 1692e).[1] A violation is material if it undermines the ability of

---

[1] Klein argues that a materiality standard applies only to § 1692e, not to its subdivisions such as § 1692e(14). In <u>Hill</u>, however, the Eighth Circuit applied a materiality standard to several subdivision of § 1692e. <u>Hill</u>, 888 F.3d at 345-46. Therefore, Klein's argument is without merit.

the consumer to obtain information to intelligently make a decision regarding the alleged debt. Id.; see also Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015)(citations and internal quotation marks omitted)(second alternation in original)("To violate [§ 1692e], a representation must be material, which is to say, it must be important in the sense that [it] could objectively affect the least sophisticated consumer's decisionmaking.").

Here, there is nothing in the complaint or otherwise to suggest that the alleged violations would undermine an unsophisticated consumer's ability to obtain relevant information regarding the debt. Klein was correctly provided the name, address, and telephone number of the debt collection agency; the name and number of the individual debt collector to contact; the alleged balance due; and the name of the company to whom she owned the debt. Therefore, any violation alleged by Klein was immaterial and not actionable under the FDCPA. As a result, Klein's allegations that the letter obfuscated the identity of the debt collector fail as a matter of law and must be dismissed.

**III. Signature of an Unlicensed Collector**

Credico also moves for dismissal of Klein's claim that it violated the FDCPA because Kathy Mitchell, who is not registered in Minnesota, signed the collection letter in violation of Minn. Stat.

§ 332.33.² Specifically, it argues that even if Minnesota law was violated, it does not amount to a violation of the FDCPA. Klein argues that the signature of an unregistered creditor amounts to a violation of § 1692f(1) of the FDCPA because it is an attempt to collect a debt that was not permitted by law.³ The court agrees with Credico.

Although Mitchell's signature on the collection letter may have violated Minnesota law, the FDCPA "was not meant to convert every violation of a state debt collection law into a federal violation." Carlson v. First Revenue Assurance, 359 F.3d 1015, 1018 (8th Cir. 2004). Only collection activities that are false, deceptive, or misleading or threaten "to take any action that cannot legally be taken under state law" will also amount to FDCPA violations. Id. (citations and internal quotation marks omitted).

Klein relies on Goetze v. CRA Collections, No. 15-3169, 2017 WL 5891693 (D. Minn. Nov. 28, 2017) for the proposition that a violation of Minnesota's debt collection license statute amounts to a violation of the FDCPA. But Goetze is inapposite. In that case, the court granted default judgment in favor of the plaintiff and found that because CRA Collections was not licensed to collect

---

² Section 332.33 requires each person conducting business on behalf of a collection agency in Minnesota to register with the State. Minn. Stat. § 332.33 subdiv. 1.

³ 15 U.S.C. § 1692f(1) prohibits "[t]he collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

8

debts in Minnesota, it violated the FDCPA by threatening to take action that it could not legally take. Id. at *3. Here, Mitchell's signature was one of three signatures on the collection letter, and Mitchell was the only person not registered in Minnesota. Further, Credico, unlike CRA Collections, is licensed to collect debts in Minnesota. In contrast to the defendant Goetze, Credico was not threatening to collect a debt that it legally could not collect, nor was it misleading Klein into believing it could sue her for collection of the debt when it actually could not. As a result, Mitchell's signature on the collection letter does not amount to a violation of the FDCPA, and the court dismisses the claim.

**IV. Pre-judgment Interest**

Klein's final claim is based on Credico's statement in the collection letter that it could seek pre-judgment interest on the collection of the debt. Klein argues that this claim was false because Minnesota law does not permit the award of pre-judgment interest on her debt. Specifically, she contends that the only applicable law under which Credico could seek pre-judgment interest is Minn. Stat. § 549.09, but that statute does not allow pre-judgment interest for the debt amount claimed by Credico. The court is not persuaded.

Klein is correct that Credico could not collect pre-judgment interest under § 549.09. Section 549.09 provides that pre-judgment interest shall not be awarded on "judgments or awards not in excess of the amount specified in section 491A.01." Minn. Stat. § 549.09 subdiv. 1(b)(4). Section 491A.01, in turn, provides that the specified amounts are $15,000, or $4,000 "if the claim involves a consumer credit transaction." Minn. Stat. § 491A.01 subdiv. 3a. The amount Credico attempted to collect, $3,902.46, does not exceed either of these amounts; therefore, Credico could not collect pre-judgment interest under § 549.09.

But Minnesota also provides for awards of pre-judgment interest under Minn. Stat. § 334.01. Klein contends that § 334.01 is inapplicable because § 554.09 is the exclusive interest statute for a breach of contract claim. Klein relies on <u>Poehler v. Cincinnati Insurance Co.</u>, 899 N.W. 2d 135 (Minn. 2017). In that case, the Minnesota Supreme Court concluded that the Minnesota Court of Appeals erred in holding that § 549.09 only applied to insurance appraisal award claims when there was a breach of contract or actionable wrongdoing by the insurer. <u>Id.</u> at 139, 141. Specifically, the court held that § 549.09 "unambiguously provides for preaward interest on all awards of pecuniary damages that are not specifically excluded by the statute, and does not restrict the recovery of preaward interest to cases of maters involving wrongdoing or a breach of contract." <u>Id.</u> at 141. The Supreme

10

Court did not hold, however, that § 554.09 is the exclusive statute under which a party can seek pre-judgment interest. Indeed, it did not even address § 334.01, much less conclude that debt collectors cannot seek pre-judgment interest under it.

The Eighth Circuit recognized as much in Hill when it held that a debt collector did not violate Minnesota law by seeking pre-judgment interest because a "whether § 334.01 applies to [the debt collector's] ... claim is a question of Minnesota law that has not been decided by the Minnesota Supreme Court." Hill, 888 F.3d at 346. Accordingly, because nothing in Minnesota law prohibits Credico from seeking pre-judgment interest, it was not a violation of the FDCPA for Credico to note as much in its collection letter.[4]

---

[4] Klein also contends that Andersen v. Owners Insurance Co. recognized that § 334.01 is no longer the applicable interest statute, but that case only held that Poehler's holding extends beyond homeowner insurance appraisal awards to commercial insurance appraisal awards. No. A16-0115, 2018 WL 1569837, at *2 (Minn. Ct. App. Apr. 2, 2018). Contrary to Klein's argument, the court did not hold that, in light of Poehler, § 334.01 was no longer generally applicable. See id. In any case, Andersen is an unpublished case and, therefore, has no precedential value. See Minn. Stat. § 480A.08 subdiv. 3.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [ECF No. 9] is granted; and

2. The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 12, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
